UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY<br>AND AMERICAN ALTERNATIVE<br>INSURANCE COMPANY | * | No. 2:11-cv-3101-LMA-KWR |
| | * | SECTION "I-4" |
| VERSUS | * | JUDGE: LANCE AFRICK |
| TOM'S WELDING, INC. | * | MAGISTRATE: KAREN ROBY |

**MOTION TO DISMISS**

Tom's Welding, Inc., through undersigned counsel, moves to dismiss the purported "Complaint for Declaratory Judgment" filed herein by National Casualty Company and American Alternative Insurance Corporation under Federal Rule 12(b)(6), for failure to state a claim upon which relief can be granted on the following grounds, *inter alia*, more fully specified in the accompanying Memorandum in Support of Motion:

1 - There is not yet any justifiable "controversy", "dispute", "claim" or other adversary proceeding which even involves the insurer herein or parties hereto, as no claim has been made either by a third party against Tom's Welding and, similarly, no claim or demand for coverage or defense has been made by Tom's Welding, Inc. against its insurer for coverage or defense of any claim. The "complaint" is thus premature as no underlying cause of action even exists at this point.

2 - Accordingly, the Complaint is requesting that this Court render an advisory opinion on issues which have not arisen as of this date and potentially may never arise;

3 - The insurer appears to be using this "Complaint" in an attempt to artificially create federal jurisdiction over a matter which it anticipates would be between a Louisiana plaintiff and Louisiana defendant if any claim were ever made, and seeks

herewith to create a device to force any litigation into federal court. Plainly, there is no federal jurisdiction in the event of such litigation, either in diversity or arising from a federal question.

Mover, Tom's Welding, Inc., has no other explanation for this bizarre proceeding, since it involves a sinking of a barge and equipment being towed by the M/V *Rebel Hustler*, owned by Tom's Welding, except that the owner of the barge and equipment, Mr. Joseph Dardar, has not even made a claim against Tom's Welding, Inc. on any theory of liability or for any damages at this time; and has not presented a claim or demand against the insurer. Consequently, Tom's Welding, Inc. has not yet made any claim against the plaintiff insurers herein that they defend or cover any alleged losses--because no claim has been made against Tom's Welding.

Therefore, the matter is purely hypothetical and federal courts do not render advisory opinions of "anticipated" litigation, "anticipated" controversies or "anticipated" disputes. This similarly would be an action described under Louisiana law as "premature" as no one has claimed or demanded anything against National Casualty Company or American Alternative Insurance Corporation.

Accordingly, the claim should be dismissed under FRCP 12(b)6 for failing to state a claim upon which any relief can be granted. In addition, Tom's Welding moves for an award of reasonable attorney's fees under FRCP Rule 11 and costs in this matter as Khai Dinh, owner of Tom's Welding, Inc., has been forced to hire an attorney for this Motion when he has not yet been sued by anyone and has not demanded that the insurer defend any litigation or cover any loss, as neither any demand for payment nor any lawsuit has been filed against Tom's Welding, Inc. by the third party, Joseph A. Dardar.

Respectfully submitted,


_____/s/ Kevin A. Rieth_____
Kevin A. Rieth (#17115)
3701 Canal Street, Suite 127
New Orleans, Louisiana 70119
Telephone: 504-655-9525
Facsimile: 504-484-0776
E-Mail: kevinarieth@yahoo.com
Attorney for Tom's Welding, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that on the 17th day of January, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: all counsel of record.


_____/s/ Kevin A. Rieth_____