UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY AND AMERICAN ALTERNATIVE INSURANCE COMPANY | * | No. 2:11-cv-3101-LMA-KWR |
| | * | SECTION "I-4" |
| VERSUS | * | JUDGE: LANCE AFRICK |
| TOM'S WELDING, INC. | * | MAGISTRATE: KAREN ROBY |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

Tom's Welding, Inc. files this Motion to Dismiss under FRCP Rule 12(B)(1) ("Lack of jurisdiction over the subject matter') and/or FRCP Rule 12(b)(6) ("Failure to State a Claim Upon Which Relief Can be Granted") against the purported plaintiffs, National Casualty Company and American Alternative Insurance Company. Tom's Welding and its owner, Khai Dinh, have received this Complaint. Mr. Dinh has been forced to hire an attorney in this matter, styled a "Complaint for Declaratory Judgment" regarding a possible but non-existent "claim" by a third party, except no claim has been made, either by the third party against Tom's Welding, Inc. and, accordingly, no claim for coverage or defense has been made by Tom's Welding, Inc. against its insurer since no claim against Tom's Welding, Inc. yet exists.

The only conclusion mover can draw from this surprising legal action is presumably the insurers are seeking to "back door" some type of federal jurisdiction if a claim were ever made, since the third party is a Louisiana resident and Tom's Welding, Inc. is a Louisiana resident and therefore if there ever were any litigation, this might take place in state court. But there is no claim, much less litigation, by the alleged "victim" against anyone at this juncture.

All Tom's Welding, Inc. has done to date is *report an incident* because as insured it is obligated to report such incidents. In turn, the insurer through investigators and its underwriters launched into a flurry of activity, including interviewing the owner of Tom's Welding, Khai Dinh; Joseph Dardar, the purported owner of the barge and equipment which sank while being towed, the *M/V Rebel Hustler*, owned by Tom's Welding, Inc.; and also the captain of the *M/V Rebel Hustler*, Captain Vo. The insurers then even issued a letter denying coverage on bases which are disputed but presently irrelevant.

The fact is, Mr. Dardar has not made any demand for payment from Tom's Welding and, accordingly, Tom's Welding, Inc. thus has no basis at this point to demand a defense or coverage or indemnity from its insurers because *all* Mr. Dardar has done is answer questions from the insurer about certain facts and his estimated value of the barge and the cargo.

The plaintiffs here only gain a justiciable issue is when there is an actual justiciable controversy, a dispute, an adversary proceeding, or if a claim is made for which any coverage may arise under the policies issued by these plaintifgfs. None presently exists and the purported "Declaratory Judgment" is, in actuality, a poorly veiled request for an advisory opinion on a *hypothetical* insurance question, where no dispute has actually yet arisen. The key statement by our courts (see Legal Argument for cases) is that courts *refuse* to entertain an action based upon a contingency "which may or may nor occur" (see cases below).

Whether Mr. Dardar will make a claim against Tom's Welding, Inc. is not absolutely known; that it might hypothetically be anticipated that he will make some claim does not yet justify decisions by overworked federal judges and magistrates on theoretical matters which have not yet actually arisen as a dispute or claims when none has yet come into existence. In Louisiana law, this would be described as dismissal on the grounds of "prematurity".

In fact, Tom's Welding has not made any formal or informal demand or claim for coverage or defense because Mr. Dardar has made no demand against Tom's Welding, Inc.. All he has done is answer questions by the insurer. Similarly, all Tom's Welding has done is answer some questions.

Thus, no declaratory judgment can be issued until there is an actual dispute, claim or controversy upon which relief may be granted; where insurers are seeking an advisory opinion on" anticipated" or purported disputes. That is beyond the "subject matter" jurisdiction of this Court.

Without even so much as stating that there is already a justiciable controversy, it has assigned hypothetical to various entities; *viz.* Mr. Joseph Dardar as a plaintiff;, Tom's Welding, Inc. as a defendant, and has even created a supposed a claim against the two insurers for "defense and indemnity". ***The only difficulty is that none of those entities have asserted any claims at any time.*** There has been no claim made upon Tom's Welding for defense and indemnity under any insurance policy whatsoever. In short, plaintiffs here are seeking a "decision" on a case *which does not yet exist*. This is why federal courts, overworked to the maximum, refuse to issue "advisory opinions" on hypothetical "disputes" which do not yet exist in fact.

## FACTS

On September 13, 2011, *M/V Rebel Hustler*, owned by Tom's Welding, Inc. was towing a barge and equipment believed to be owned by Joseph Dardar, when the barge and equipment sank in or near Tiger Pass, within the geographical jurisdiction of this Court. Tom's Welding, Inc. *as* it is obliged to do by contract, merely *reported* the incident to its insurers. Thereupon, the insurers went into a flurry of activity; including interviewing Mr. Dardar, interviewing the

captain of the vessel, a Captain Vo, and had some discussions with Khai Dinh, owner of Tom's Welding. Thereafter, it sent a "denial of coverage" letter to Tom's Welding. While Tom's Welding, and its owner disagree with the reasons stated in that letter upon which coverage is denied (and reserve their right to disagree if any controversy is presented), they have not been acted upon because Mr. Dardar has done nothing to date to make or assert any claim or demand against Tom's Welding. No suit have been filed; and no action whatsoever has taken place by either Dardar or Tom's Welding, save for the report of the incident to the insurers. Dardar has merely truthfully answered questions posed by the insurance investigators; including valuations of his barge and equipment. While it might be anticipated that *someday* Mr. Dardar might make a claim against Tom's Welding, Inc.; the fact remains that Dardar has not made any claims yet. Therefore, because there are no pending claims being made for which coverage might (or might not) be available, there is at present nothing upon which for this Court to render any legal decisions.

 Clearly, since no demand of any nature has been made on Tom's Welding, Inc., Mr. Khai Dinh, the owner, does not yet have any basis for asking his insurers to defend him, or to cover any losses, or indemnify him or his company on any matter cognizable under any under the policy because no demand or claim has been received. No proof of loss has ever been submitted. Possibly the insurers herein also have many other incidents "reported" in Louisiana and other states by other insureds which might or might not involve a claim on their policies, but they cannot take all incidents reported" and run to a federal court for declaratory judgments on incidents when they do not yet involve a claim against the insured or the policy. To permit that here, this Court would be deciding insurance issues when no claims has been made affecting any policy. To do so would be to issue advisory opinions.

# **LEGAL ARGUMENT**

As no claims have been made by Joseph Dardar against Tom's Welding,
and no claim has been made by Tom's Welding, Inc. against its insurers,
this matter should be dismissed under FRCP 12(b)(6) for failure to state a
<u>claim upon which relief can be granted.</u>

Under Louisiana law, the correct procedure to challenge this action terminology would be an exception of prematurity. The insurance contracts were issued and delivered in Louisiana to a Louisiana resident; and thus Louisiana insurance, contract and general law would govern. Under Federal law, it is an FRCP Rule 12(b) (1) and/or 12(b)(6) Motion to Dismiss for lack of subject matter jurisdiction or, more likely, failure to state a "claim" upon which "relief" can be been granted.

### A - Courts Refuse to Entertain An Action Based on <br> <u>a Contingency "Which May or May Not Arise"</u>

The key issue is there is <u>no</u> "underlying claim" wherein Tom's Welding would even be in a position to make any demand upon its insurers; and the plaintiffs herein are aware of this. Other than answer questions from investigators, Mr. Dardar has done nothing--made no claim, made no demand, sent no letter demanding payment or threatening to file suit if payment is not made, filed no suit. What he may or may not do is purely speculative.

Courts have consistently held that; "A court must refuse to entertain an action for a declaration of rights, if the issue presented is academic, theoretical, or based on a contingency which may or may not arise." <u>In re E.W.,</u> 2009-1589 (La.App. 1 Cir. 5/7/10) 38 So.3d 1033. This is the consistent Louisiana law to be applied herein by this Court; and the E.W. court cites the leading Louisiana Supreme Court case, *Tugwell vs. Members of Board of Highways,* 228 La. 662, 83 So2d 893 (La. 1956).

Similarly, the United States Supreme Court has consistently held that the power of the federal courts do not extend to cases where there is no case or controversy; the federal courts have no power to issue advisory opinions under Art. III, §2 of the Constitution of the United States. Federal courts may not, via doctrine of "hypothetical jurisdiction", decide any cause of action before resolving whether that Court has Article III jurisdiction; doing so would carry courts beyond bounds of authorized judicial action and thus offend fundamental principles of separation of powers; and would produce nothing more than hypothetical judgment, which would come to same thing as advisory opinion, disapproved by the Supreme Court from the very beginning. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

This is the key component of the matter at issue. While Mr. Dardar may or may not make a claim sometime, the fact is that: (a) on the date these plaintiffs filed suit and (b) as of now, he has ***not*** made any claims at all. These plaintiffs know this. They created an "underlying claim" out of whole cloth for the Court and hoped no one would notice. The coverage issue is a tail end of the litigation and yet, apparently seeking to create federal jurisdiction, the plaintiffs want a decision before any claim has even been made. ***There are no claims being made***.

Tom's Welding, Inc. has no claim or demand being made against it. Tom's, in turn, has no reason as yet to demand that their insurers do anything; and have not made any claims on any insurance policies. The Court should refuse to entertain this action, which will involve tremendous judicial time determining insurance coverage on a hypothetical set of facts; and would involve substantial expenses by any prospective parties.

Since Dardar has demanded nothing from Tom's Welding, Inc. or its insurers, no justiciable controversy yet exists. Thus the court is being asked to make an advisory ruling on a

hypothetical insurance question when no claim by Dardar or Tom's Welding, Inc. has been made against any insurer.

The U.S. Fifth Circuit in a Louisiana case has stated the claim must be "real" and "substantial" controversy and cannot be "hypothetical or abstract, academic or moot" and cannot be an advisory opinion. *Wacker vs. Bisson*, 348 F.2d 602 (5th Cir. 1965). The Louisiana Supreme Court has also required there first must be a "justiciable controversy" and if not, the court is without power to issue "advisory opinions on abstract questions." *Stoddard vs. City of New Orleans,* 246 La. 417, 165 So2d 9 (La. 1964). In an early U.S. Fifth Circuit case, the court said the controversy must have "accrued" and that "general contentions" between parties that have not yet "become a definite and concrete controversy" will not give the court jurisdiction under the Declaratory Judgment Act. *Board of Com'rs for Buras Levee District vs. Cockrell*, 91 F2d 412, *cert. den.,* 302 U.S. 740, 58 S.Ct. 142, 82 L.Ed. 572, U.S.La., November 08, 1937).

As urged above, neither federal nor Louisiana state courts decide matters based on a contingency which may or may not occur - i.e., whether or not Dardar will make nya claims upon Tom's Welding; and whether or not Tom's Welding, Inc. will then make a claim against an insurer. *Tugwell vs. Members of Board of Highways,* 228 La. 662, 83 So2d 893 (La. - 1956). Both the U.S. and Louisiana Supreme Courts hold that a declaratory judgment requires a justiciable controversy which is real and is not merely academic, hypothetical, or theoretical. Overworked courts do not render "advisory opinions" under the Declaratory Judgment Act. *Wacker, supra.*

In fact, this, as stated by the plaintiffs, is an indemnity insurance contract. Indemnity can only arise if there is actually a judgment against Tom's Welding, Inc. and thus this issue is premature. It is similar to a case where the court called the alleged controversy "remote".

*Schreiner vs. Weil Furniture Co*., 68 So2d 149 (La. App. 4th Cir. 1953). If Dardar were to make demand or file a suit, he has up to one year to do so under Louisiana tort law and has three years to do so in admiralty; and thus is an issue which may not even *arise* for decision for one to three years. Now, it is too uncertain and remote.

Therefore, when plaintiffs herein conclude their complaint [on page 8(a)] that the Court should hold "(a) That the Policy does not afford coverage under the underlying claim", there is no "underlying claim" at all and one has not yet been made. This matter should be dismissed for failure to state a claim on which relief can be granted because at present the insurers have simply *hypothosized* an "underlying claim" to get into Court

Similarly, when the Plaintiffs state on p. 1 of the complaint that the Court should hold that plaintiffs here are not obligated to indemnify Tom's Welding in connection with a claim for sinking of an unnamed barge being towed by the *M/V Rebel Hustler*, which they nominate as "the underlying claim" and want relief--there plainly is no "underlying claim" and they can assert no facts that any claims have actually been madeeither against Tom's Welding or any insurers. This is a bizarre proceeding and, as said, seems to be a "horse before the cart" attempt to invoke federal jurisdiction when no one has asked for a penny yet.

## CONCLUSION

This Court should refuse to entertain an action based upon any contingency which may or may not occur, and which, to date, has *not* occurred; namely, any claim by Joseph Dardar against Tom's Welding, Inc. or any of its insurers. Such a claim is a necessary condition precedent before Tom's Welding, Inc. is even in a legal position to make any demand against any insurer under any policy; because there is no claim or demand to date.

Therefore, the matter should be dismissed under FRCP Rule 12((b)1) for want of

jurisdiction over the subject matter; FRCP Rule 12(b)(6) for a failure to state a claim upon which relief may be granted.

Respectfully submitted,

_____/s/ Kevin A. Rieth_____
Kevin A. Rieth (#17115)
3701 Canal Street, Suite 127
New Orleans, Louisiana 70119
Telephone: 504-655-9525
Facsimile: 504-484-0776
E-Mail: kevinarieth@yahoo.com
Attorney for Tom's Welding, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that on 17th day of January, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: all counsel of record.

_____/s/ Kevin A. Rieth_____
Kevin A. Rieth