UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATIONAL CASUALTY COMPANY And AMERICAN ALTERNATIVE INSURANCE CORPORATION | CIVIL ACTION NO. 11-3101 SECTION: A |
| VERSUS | JUDGE: LANCE AFRCK |
| TOM'S WELDING, INC. | MAGISTRATE: KAREN ROBY |

A F F I D A V I T

BEFORE ME, the undersigned authority, personally came and appeared Khai Dinh, of 1420 Fourth Street, Westwego, Louisiana 70094, who, being by me duly sworn, deposed and said:

1 - I am the owner of Tom's Welding, Inc., defendant in the above proceeding and which company owns M/V Rebel Hustler.

2 - I have been sued in this Court in the above proceeding but have made no claim against anyone and have no idea why I have been made a defendant. I have been forced to hire an attorney to defend a matter in which I have not yet demanded any coverage from my insurers.

2 - On September 13, 2011, the Rebel Hustler had in tow a barge and equipment purportedly owned by Joseph A. Dardar, believed to be a resident of Marrero, Louisiana, when the barge and equipment sank.

3 - Affiant merely reported the incident to his

insurance representatives.

    4 - Thereafter, representatives of the insurers interviewed, to Affiant's knowledge, Mr. Dardar as to some issues and the value of his equipment and also interviewed Affiant as to facts of the sinking (which were hearsay as Affiant was not on board) and type of equipment involved, which Affiant believes is better answered by Mr. Dardar.

    5 - Since that time, Mr. Dardar has not made a claim against anyone for payment of any kind, has not, to Affiant's knowledge, hired an attorney, had not made any formal demand upon Khai Dinh, Tom's Welding, the vessel or the underwriters and insurers of Tom's Welding in any respect and has not claimed any responsibility on the part of Tom's Welding for any loss.

    6 - As Mr. Dardar has made no claim against Affiant or Tom's Welding, Affiant in turn has not made any demand upon underwriters or his insurers for coverage as there is no claim or lawsuit against Tom's Welding and thus no <u>basis</u> for Mr. Dinh to make any demand upon his insurers.

    7 - As a consequence, Affiant in his behalf and in behalf of Tom's Welding, Inc., has had no <u>basis</u> to make any demand for coverage on this incident against any insurer and would not do so unless Mr. Dardar makes a claim or demand against Affiant or his company, Tom's Welding, Inc.

    8 - Accordingly, Affiant is uncertain why he has been

sued because neither Mr. Dardar nor Affiant have made any claim under or against the policies issued by National Casualty Company and American Alternative Insurance Company.

9 - Apparently, plaintiffs seek an advisory opinion on a hypothetical claim which has not yet been made and have no "claim" or demand from either Mr. Dardar or Affiant of any nature at this time. While the "possibility" of "claims" may be speculated upon, the fact is that there are no claims or demands being made at the time the plaintiffs filed their suit herein and none have been received as of the date of this Affidavit.

10 - Affiant requests dismissal under FRCP Rules 12(b)(1) or 12(b)(6) as no real dispute, demand, claim or adversary proceeding presently exists between Mr. Dardar and Tom's Welding, Inc. as of this date.

_____
KHAI DINH, INDIVIDUALLY AND AS
OWNER OF TOM'S WELDING, INC.

SWORN TO AND SUBSCRIBED BEFORE ME, NOTARY, JANUARY 10, 2012.

_____
NOTARY PUBLIC