UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY | * | No. 2:11-cv-3101-LMA-KWR |
| AND AMERICAN ALTERNATIVE | | |
| INSURANCE COMPANY | * | SECTION "I-4" |
| VERSUS | * | JUDGE: LANCE AFRICK |
| TOM'S WELDING, INC. | * | MAGISTRATE: KAREN ROBY |

## REPLY MEMORANDUM TO NATIONAL CASUALTY COMPANY ET AL OPPOSITION TO TOM'S WELDING'S MOTION TO DISMISS

Tom's Welding, Inc. (hereinafter "Tom's"), through undersigned counsel, files this reply to the Opposition Brief of National Casualty Company et al (hereinafter collectively referred to as "National").

A - The *Rowan Companies, Inc* Decision Does Not Require
    This Court to Hear this Matter

In a perhaps unintended use of a phrase, National states (p. 9 of its Brief) that Rowan Companies, Inc. vs. Griffin, 764 F.2d 26 (5th Cir. 1989) (hereinafter "*Rowan*") should control the decision herein. Amusingly, National states that the case is "glaringly absent from Tom's Motion to Dismiss" and undersigned counsel will view this with some charity, since the phrase when use seems imply Tom's repressed its knowledge of the case--but Tom's Brief will add some other factors which are glaringly absent.

Rowan was almost never cited after its publication. All it held was: (1) the actual maintenance and cure issue under the special set of facts presented therein was a "justifiable controversy", as there had been a real obligation to provide maintenance and cure, it had been provided -i.e., nothing was speculative as it whether it might or might not happen--and the insurer wanted a decision its obligation was over.

1

But the more important holding of *Rowan* is likely why it has almost never been cited since 1991. Acknowledging this set of facts which had already happened presented a "justifiable controversy" if the district court cared to entertain it, *Rowan's* more important holding was (2) that the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*, allows the district judge, however, to decline to decide the request for a declaratory judgment based on many factors set forth in Rowan and herein below. It may also be why *Rowan* is seldom used as authority was that it was then realized in maintenance and cure cases that the insurer after getting a doctor to declare maximum cure could run to a court to state it had no further obligation before the seaman or employee could hire his own doctor.

For this reason, in a subsequent matter, Chief Judge Feldman in *Rowan Companies vs. Blanton,* 764 F.Supp.1090 (E.D.La, 1991), possibly aware this could open the door for any insurer to burden the federal courts and his fellow federal judges in the Eastern District with every insurance coverage issue now pending in Louisiana before litigation ensued, cited numerous reasons for declining to entertain the declaratory judgment action, including possibility of state court and other proceedings on the main issues and thus duplication of effort by state and federal judges; parallel decisions and duplication of discovery through depositions, etc., in two actions; and the fact that this would encourage forum shopping by the insurers, among several reasons for declining to entertain Rowan Companies' second attempt at a "declaratory judgment" on insurance issues. Likely also Judge Feldman realized this would open the door to having himself and his fellow Eastern District judges potentially deluged by every insurer based upon pre-litigation claims, whether in car accidents, maritime issues, or issues perhaps involving major property claims not yet really presented, to be issuing "declaratory"

decisions left and right at a time when no one had yet made a formal demand or filed suit.

For the reason assigned by Judge Feldman, this Court should, it is submitted, simply decline to entertain this declaratory judgment action at this juncture under 28 USC 2201 and also under the authority it has to refuse to entertain the action recognized by the Fifth Circuit in *Rowan Companies vs. Blanton*.

B - <u>Other Reasons to Refuse to Entertain This Matter</u>

Joseph Dardar has been contacted and submits an Affidavit (Exh. A) as to why he has made no decision on proceeding. He states under oath that in fact he told his damages to the insurer which then made a $150,000.00 offer under the limits of its hull policy. This would require dismissing Tom's Welding from further responsibility although Dardar's losses are more than double this amount. Of course, this initiates discovery proceedings on this issue as well as on the issue that while the insurer claims its printed form under the seaworthiness warranty implies strongly a licensed captain, in its typed conditions which is a manuscript policy and prevail over the printed provisions, it specifically states the vessel shall not leave the dock unless piloted by one of five named captains ("Approved captains") and Captain Vo was one of the captains the insurer insisted be on board if the others were unavailable. See Policy, annexed as Exhibit by National Casualty. Tom's Welding will observe, tongue in cheek, that this fact is left "glaringly absent" from discussion of the seaworthiness issue by National. This estops the insurer from pleading the printed provision; it creates a conflict in clauses which under insurance law will be resolved in favor of the insured, as well as the rule that an interpretation favoring coverage will be preferred to one denying coverage. Vo was specifically approved. *See "on Board Warranty" portion of policy*

And, frankly, the insurer will lose. But this requires depositions and discovery which can take place if and when Dardar files suit. National loses nothing at this point by this Court declining to undertake the work involved in this "declaratory judgment" because National can raise all this if and when Dardar files suit.

Dardar further states that his decision as to what to do is compromised by the fact that he is nearing completion of a new financing for his business and the lender may have final say-so on what to do with this claim, not Dardar, so he is awaiting this event, scheduled to be completed within 30 days, before making any decision--since the decision maybe that of the lender, not Dardar, so he has made no demand" or "claim" and has not filed suit. He has, however, this week retained an attorney to review the claims made by the insurer as to limitation of its liability to the $150,000.00 in hull coverage and is awaiting the attorney's review. Thus, while possibly disagreeing with the insurer's assertions (based on receiving his counsel's opinion in this regard), Dardar clearly is paralyzed from proceeding and thus has not made a formal demand, claim or filed suit.

Any implication of a demand by Dardar, beyond him stating the offer did *not* cover his loss, is just that: an implication to create a controversy. Dardar has neither accepted nor rejected the insurer's proposal while awaiting counsel's opinion. Thus, he has done nothing.

-----

The clearer reason for refusing to entertain this declaratory judgment, other than the fact National retains its defenses if and when a suit is filed (but it might be settled without burdening courts at all), is that a highly-respected firm such as the Phelps firm has dozens upon dozens of insurance company clients. If this Court entertains this Declaratory

4

Judgment action, then their clients can be advised that there is now precedent that ***all*** pending insurance coverage issues, as long as a third-party has sustained a loss, may be litigated in advance in the federal courts and all the overworked judges of this Court can be employed in innumerable "declaratory judgment" insurance policy decisions although no one has bothered to file suit.

## CONCLUSION

This Court should granted the Motion herein or simply decline to entertain the declaratory judgment, as was made clear in the *Rowan* decision cited by National Casualty et al. The insurers lose nothing and can fully litigate this matter when any claim is made.

    _____
    KEVIN A. RIETH (TA)(Bar No. 17115)
    3701 Canal Street, Ste. 127
    New Orleans, Louisiana 70119
    Telephone: 504-655-9525
    Facsimile: 504-484-0776
    E-Mail: kevinarieth@yahoo.com
    Attorney for Tom's Welding, Inc.